UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **MARCUS OLIVER, #62677** | § | **PETITIONER** |
| | § | |
| **V.** | § | **CAUSE NO. 3:11cv204-CWR-FKB** |
| | § | |
| **STATE OF MISSISSIPPI** | § | **RESPONDENT** |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Petitioner Marcus Oliver's pleadings.  He is a pre-trial detainee held at the Hinds County Detention Facility on charges of armed robbery.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. 2241.  He requests dismissal of the pending state charges or a mandamus to the State court to set his case for trial and to hear his motions.  The Court has considered and liberally construed the pleadings.  The case is dismissed without prejudice for failure to exhaust.

### FACTS AND PROCEDURAL HISTORY

Oliver was arrested on October 16, 2009, in Jackson, Mississippi, on charges of armed robbery and carjacking.  He was originally indicted by the State of Mississippi on January 29, 2010.  He was released on his own recognizance a few days later.  Two subsequent indictments were issued on March 2 and 25.  He was rearrested on March 13, and remains in pre-trial detention.  The first two indictments were dismissed.  The final indictment, charging four counts of armed robbery, remain.

He filed various motions in the State trial court attacking the indictments, the evidence, and the absence of a trial.  On April 8, 2011, he filed the instant Petition seeking dismissal and, alternatively, a trial.  He argues that none of his motions have been heard and he does not yet have a trial.  He also argues the merits of the underlying charges, that he is being denied his choice of

counsel, and that he is being held on excessive bail.

## DISCUSSION

### SPEEDY TRIAL

Oliver seeks a mandamus directing the State trial court to set a hearing on his pre-trial motions and to set the trial. He can bring a federal habeas claim to force the State court to bring him to trial, only if he has exhausted the claim in State court. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). According to the Fifth Circuit:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. In order to exhaust his claim for habeas, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). *See*, *D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981).

The Court directed Oliver to state whether he had filed any petitions or motions with respect to his detention in any court and if so, which court. He responded only that he had raised such motions in the State trial court. He did not indicate that he brought any challenge to the State appellate courts. Because the Mississippi Supreme Court was not given an opportunity to consider the speedy trial issue, this claim is not exhausted. It is dismissed without prejudice for failure to exhaust.

ILLEGAL SEARCH, ILLEGAL ARREST, FALSE IMPRISONMENT, DOUBLE JEOPARDY

Oliver claims that his home was searched and he was arrested without probable cause "except the one officers created," and that he is innocent of the charges. (Pet. at 3). He also challenges his indictment on the basis of double jeopardy. As relief, he seeks "to be released from Raymond Detention Facility immediately." *Id.*

As noted above, the Court has Section 2241 habeas jurisdiction over pre-trial proceedings but must abstain where the issue may be resolved by trial on the merits or through other available state procedures. These claims present issues which may be resolved by trial on the merits of the armed robbery charges. Furthermore, to the extent he argues that the State trial court refuses to hear these claims, he has not brought any challenges before the Mississippi Supreme Court. Therefore, the Court finds these claims are likewise unexhausted. They are dismissed without prejudice.

RIGHT TO COUNSEL

Oliver claims that he is being "denied counsel" because there is a conflict of interest between him and his attorney, whom Oliver does not want to represent him. (Dkt. 9 at 1). There is no indication that he has brought this claim before the Mississippi Supreme Court. This claim is likewise dismissed for failure to exhaust.

EXCESSIVE BAIL

Finally, Oliver claims that he is being held on excessive bail, in the amount of $160,000. He argues this is excessive, because he is "no longer charged with (4) counts of armed robbery." *Id.* While he raised this issue before the trial court, he argues there has been no ruling on the motion. He has not yet presented this claim to the Mississippi Supreme Court, through mandamus or otherwise. This claim is likewise unexhausted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Petitioner Marcus Oliver's [1] Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2241, should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

This the 18th day of October, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE